## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NUSTAR ENERGY SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | Filed under Rule 9(h) Fed. R. Civ. P. |
| M/V CANBERRA EXPRESS, IMO No. | § | |
| 9224049, her engines, apparel, furniture, | § | (ADMIRALTY) |
| equipment, appurtenances, tackle, etc., *in* | § | |
| *rem*, | § | |
| | § | |
| Defendant. | § | |

### ORIGINAL VERIFIED COMPLAINT

NOW COMES Plaintiff, NUSTAR ENERGY SERVICES, INC. (hereinafter "NuStar" or "Plaintiff"), against the M/V Canberra Express, IMO No. 9224049, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. (hereinafter "M/V Canberra Express" or "the Vessel"), *in rem*, and alleges and pleads as follows:

### JURISDICTION AND VENUE

1.     Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

2.     This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure for the arrest of the M/V Canberra Express.

3.     Jurisdiction is founded on the presence within the District of the M/V Canberra Express, which may be arrested and attached in accordance with the provisions of Rule C, as pled below.

## PARTIES

4.     At all times material hereto, NuStar was and still is a Delaware corporation, with its head office at 2330 North Loop 1604 West, San Antonio, Texas 78248.

5.     Defendant M/V Canberra Express, IMO No. 9224049, her engines, apparel, furniture, appurtenances, tackle, etc., is registered under the laws of the Federal Republic of Germany, and is and will be within the jurisdiction of the United States and this Honorable Court during the pendency of this action.

## FACTS

6.     NuStar brings this action in order to recover money indisputably due and owing to it under a maritime contract for the supply of bunkers to the Vessel (hereinafter the "Bunker Contract"). A copy of the Bunker Contract, related invoice for payment, and Marine Fuel Delivery Note are attached as Exhibit A to this Complaint.

7.     The Bunker Contract is between NuStar and an entity named O.W. Bunker USA Inc. (hereinafter "O.W. Bunker"), which was acting as agent for the Vessel when it entered into the contract.

8.     The Bunker Contract expressly incorporates NuStar's General Terms and Conditions. Clause 1 of NuStar's General Terms and Conditions states that where bunker fuel is purchased by an agent on behalf of a principal, both the agent and the principal "shall be bound by and liable for all obligations as fully and as completely as if they were both the principal, whether such principal be disclosed or undisclosed, and whether or not such agent purports to contract as agent only." Clause 11 further states that NuStar "will have and may assert any and

all maritime liens available to it against the Vessel, wherever found, for the full amount of the delivered price of the marine Fuel supplied to such Vessel by [NuStar], plus accrued interest and collection costs."

9.     The Bunker Contract, bearing the Contract No. 40213043 and entered into on or about October 1, 2014, called for the delivery of 800 metric tons of bunker fuel to the Vessel on or about October 12, 2014 at the Port of Houston.  The Bunker Contract requires payment for the bunkers within 30 calendar days of delivery and provides for the accrual of interest on any late payments.

10.     In accordance with the Bunker Contract, NuStar delivered bunkers to the Vessel on or about October 12, 2014 at the Barbours Cut Terminal in the Port of Houston.  A Marine Fuel Delivery Note was signed by the Vessel's Master and/or Chief Engineer and stamped with the Seal of the Vessel.

11.     The amount owed by the Vessel and her agent, O.W. Bunker, to NuStar for this delivery is $373,953.87 USD.

12.     Under the 30-day payment term of the Bunker Contract, the payment deadline for the October 12, 2014 delivery was November 11, 2014.  As of the date of filing this Verified Original Complaint, NuStar has not received any payment.  Consequently, the Vessel and its agent are in breach of the Bunker Contract.  In addition, O.W. Bunker, the Vessel's agent, has indicated that it will not be making the required payment.  O.W. Bunker and the Vessel have accordingly breached the Bunker Contract.

13.     By signing the Marine Fuel Delivery Note, the Vessel's officers and representatives acted on behalf of the Vessel and her Owner and/or Operator to procure bunkers,

and thereby accepted the bunkers on behalf of, *inter alia*, the Vessel in compliance with the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343.

14.     The bunkers delivered to the Vessel were necessary to the accomplishment of her mission which is worldwide trade as a commercial ship.   The Vessel's officers and representatives, at the time of the bunker deliveries from NuStar, were authorized to order necessaries for the account and on the credit of the Vessel.

15.     The Vessel has received the benefit of the aforementioned bunker deliveries and is indebted to NuStar and obligated to pay for the aforementioned goods and services.

16.     NuStar performed all conditions precedent to warrant full and complete payment for the aforementioned bunker supplies and services.

17.     As a result of the foregoing, NuStar possesses a maritime lien on the Vessel for the provision of necessaries, bunker fuel, enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Admiralty Rules.

18.     Additionally, Clause 13 of NuStar's General Terms and Conditions, incorporated into the bunker Bunker Contract,   provides that "[i]n the event [NuStar] institutes legal proceedings for collection of payment not made by the BUYER[1] when due, all expenses incurred by [NuStar] in connection with such proceedings (including, without limitation, attorneys' fees and court costs) shall be for the BUYER's account." To date, NuStar has incurred and continues to incur legal fees to collect payment.   NuStar will supplement at a later date with a full accounting of its legal fees for this matter.

19.     Payment of all sums has been duly demanded by NuStar from the Vessel and its Owners.  However, to date, the Vessel has neglected, failed or otherwise refused to pay the

---

[1] The Terms and Conditions define "BUYER" to include both agent and principal.

outstanding aggregate sum of $373,953.87 USD plus interest and fees, which is indisputably due and owing to NuStar for the bunkers under the Bunker Contract.

<u>ALLEGATIONS IN SUPPORT OF VESSEL ARREST</u>

20.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "19" and incorporates those allegations herein.

21.    As a result of the Vessel's failure to pay NuStar for the bunkers supplied to the Vessel, under the terms of the Bunker Contract, NuStar's claim for the amount of $373,953.87 USD plus interest and fees attaches a maritime lien on the Vessel in favor of NuStar and is enforceable by suit *in rem*.

22.    Accordingly, NuStar seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Admiralty Rules.

WHEREFORE PREMISES CONSIDERED, NuStar prays as follows:

A.    That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against the M/V Canberra Express, IMO No. 9224049, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.    That a warrant for the arrest of the M/V Canberra Express be issued and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the M/V Canberra Express, IMO No. 9224049, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*;

C.    That after due proceedings, judgment be entered in favor of NuStar and against the M/V Canberra Express, IMO No. 9224049, her engines, apparel, furniture, equipment,

appurtenances, tackle, etc., *in rem*, for the amount of $373,953.87 USD as well as for pre-judgment interest, post-judgment interest, costs, attorney fees, and disbursements for this case;

       D.       That the M/V Canberra Express, IMO No. 9224049, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award NuStar out of the proceeds of the said sale, the full amount of its claim, together with interest, costs, and attorney's fees; and

       E.       That the Court grant NuStar such other and further relief as may be just, equitable, and proper.

Dated:  November 17, 2014
       Houston, Texas

Respectfully submitted,

      Christopher R. Hart
      State Bar No.  09136310
      Federal ID No. 12517
      chris.hart@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:    (713) 651-5151
Facsimile:    (713) 651-5246

*Attorney for Plaintiff*
NuStar Energy Services, Inc.

OF COUNSEL
FULBRIGHT & JAWORSKI LLP
Lisa Houssiere
State Bar No. 24056950
Federal I.D. No. 904591
lisa.houssiere@nortonrosefulbright.com
Justin Tschoepe
State Bar No. 24079480
Federal I.D. No. 1438269
justin.tschoepe@nortonrosefulbright.com
Utsav Mathur
State Bar No. 24078943
Federal I.D. No. 1357467
utsav.mathur@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:    (713) 651-5151
Facsimile:    (713) 651-5246

## CERTIFICATE OF SERVICE

This confirms that the U.S. Marshal has been or will be instructed to serve this application along with all other pleadings on the vessel at issue in accordance with Rule C of the Supplemental Admiralty Rules.

Christopher R. Hart

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| NUSTAR ENERGY SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| M/V CANBERRA EXPRESS, IMO No. | § | ADMIRALTY |
| 9224049, her engines, apparel, furniture, | § | |
| equipment, appurtenances, tackle, etc., *in* | § | |
| *rem,* | § | |
| | § | |
| Defendant. | § | |

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, Andy Downs declares under the penalty of perjury:

1.      "I am the Director Supply and Trading for NuStar Energy Services, Inc., the Plaintiff in the above captioned bunker contract dispute.

2.      I have read the foregoing Original Verified Complaint and know the contents thereof.

3.      The matters asserted in paragraphs six (6) through twenty-two (22) of the Original Verified Complaint, and any other facts asserted in the Complaint, are true and correct within my personal knowledge, information, and belief."

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November _17_ , 2014          Signed:
        San Antonio, Texas

John Andrew Downs,
Director Supply and Trading
NuStar Energy Services, Inc.